**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

ERIC CHRISTOPHER KEIFER, also
known as Sheldon Winters,

      Defendant - Appellant.

No. 98-3335

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 97-CR-10100-WEB)

Michael G. Christensen, Assistant United States Attorney (Jackie N. Williams, United States Attorney, with him on the brief), Wichita, Kansas, for Plaintiff - Appellee.

Timothy J. Henry, Assistant Federal Public Defender  (David J. Phillips, Federal Public Defender, with him on the brief), Wichita, Kansas, for Defendant - Appellant.

Before **KELLY**, **MCKAY**, and **MURPHY**, Circuit Judges.

**KELLY**, Circuit Judge.

Defendant-Appellant Eric Christopher Keifer pleaded guilty to six counts of

bank fraud, <u>see</u> 18 U.S.C. § 1344(1), and one count of using a false social security

number, 42 U.S.C. § 408(a)(7)(B), and was sentenced to forty-one months, with credit for time served on other convictions, resulting in sentence of approximately twenty-three months. He was also sentenced to five years of supervised release and ordered to pay restitution of $29,771. He appeals his sentence; the government concedes error, but the parties disagree about the scope of any remand. Mr. Keifer also argues that the district court incorrectly counted a prior Virginia conviction as criminal history, rather than as relevant conduct under the Sentencing Guidelines. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm in part and remand for resentencing.

Background

The presentence report (PSR) reflected Mr. Kiefer's history of theft and fraudulent conduct in several states. Mr. Keifer was convicted in North Dakota federal court for transportation of falsely made and altered securities (involving an amount of $17,737.13) and in Virginia state court for fraud involving credit cards (involving an amount of $1,181.50). In determining the offense level, the district court relied upon a relevant conduct loss of $185,511.48, necessitating a seven-level increase for a loss of more than $120,000. See USSG § 2F1.1(b)(1)(H) (specific offense characteristics). In calculating the loss, the district court relied upon $130,238.80 associated with pending Pennsylvania fraud

and forgery charges. Mr. Keifer objected to the inclusion of this amount as speculative because he had not been convicted of the Pennsylvania charges and was unaware of the evidentiary support for them.

The Pennsylvania charges involved one "Jay Aaron Carter" or "Dr. Jay Carter, M.D." and the government had not proven that Mr. Keifer was one and the same. Mr. Keifer argued that the proper loss amount was $52,649.88 (amounts associated with the North Dakota and Virginia convictions, plus $33,731.25 associated with the present Kansas plea), resulting in a five-level increase in offense level. See USSG 2F1.1(b)(1)(F). The government did not respond to this objection. The district court overruled the objection based solely on the PSR.

Mr. Keifer also objects to the imposition of two criminal history points based upon his Virginia conviction for forging a public document. Specifically, the "offense conduct involv[ed] him attempting to obtain a Virginia driver's license in the name of Aaron J. Carter, using the date of birth of 06/24/71. He also used the social security number of 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." R. PSR at 12, ¶ 45. Keifer argued that this conviction should have been counted as relevant conduct under USSG §1B1.3(a)(2), since it was groupable under §3D1.2(d). The government did not respond to this objection. The district court overruled it.

## Discussion

### A. Scope of Remand

Review of a district court's determination of a USSG § 2F1.1 loss is for clear error, but the factors which the district court may consider in determining the loss are reviewed de novo. United States v. Yarnell, 129 F.3d 1127, 1136 (10th Cir. 1997) (citation omitted). Under well established Tenth Circuit precedent, the government has the burden of proving sentence enhancements and increases. Id; see also United States v. Rice, 52 F.3d 843, 848 (10th Cir. 1995). "An enhancement under U.S.S.G. § 2F1.1(b)(1) 'is a sentencing increase . . ., so the government bears the burden of proof.'" Yarnell, 129 F.3d at 1136.

In order to satisfy this burden, the government must prove by a preponderance of the evidence that the enhancement is justified.

> At sentencing, the district court may rely on facts stated in the presentence report unless the defendant objected to them. When a defendant objects to a fact in a presentence report, the government must prove that fact at a sentencing hearing by a preponderance of the evidence.

United States v. Shinault, 147 F.3d 1266, 1277-78 (10th Cir. 1998) (citation omitted). The presentence report itself is insufficient to prove the fact and "the district court may not satisfy its obligation [to find the facts] by simply adopting the presentence report as its finding." United States v. Farnsworth, 92 F.3d 1001, 1011 (10th Cir. 1996).

Here, the government failed to introduce <u>any</u> evidence at the sentencing hearing regarding the Pennsylvania charges, despite Mr. Keifer's objection. Moreover, the district court specifically overruled the objection "based on the presentence report and the source it cites," without further evidence. 2 R. doc. 44 at 20. The government "agrees that the record is inadequate to allow the sentence to stand" and that remand for resentencing is necessary. Aplee. Br. at 8.

The next issue is the scope of the remand. According to Mr. Keifer, having once failed to meet its burden of proof, the government should be precluded from introducing new evidence at resentencing regarding the Pennsylvania charges. To allow the government a second attempt to prove the relevant conduct "would place appellant in a worse position simply by dint of his exercising his right to appeal the sentence." Aplt. Br. at 12. The government argues that the district court should consider the matter de novo.

Resentencing on remand is typically de novo, but an appellate court may limit the district court's discretion pursuant to the mandate rule. <u>United States v. Webb</u>, 98 F.3d 585, 587 (10th Cir. 1996). "The mandate rule is a 'discretion-guiding rule' that 'generally requires trial court conformity with the articulated appellate remand.'" <u>United States v. Hicks</u>, 146 F.3d 1198, 1200 (10th Cir. 1998) (citation omitted).

<u>United States v. Moore</u>, 83 F.3d 1231 (10th Cir. 1996) clearly specifies the

scope of a remand for resentencing.

> As this court has held, when a defendant's sentence is vacated on appeal and remanded for new sentencing, the lower court must begin anew with de novo proceedings. United States v. Ortiz, 25 F.3d 934, 935 (10th Cir. 1994). The court went on to clarify that the de novo resentencing "permits the receipt of any relevant evidence the court could have heard at the first sentencing hearing. Id. (emphasis added); United States v. Warner, 43 F.3d 1335, 1340 (10th Cir. 1994). As a consequence, the court on remand has the discretion to entertain evidence that could have been presented at the original sentencing even on issues that were not the specific subject of the remand.

Id. at 1234. See also United States v. Green, 175 F.3d 822, 836 (10th Cir. 1999) (ordering de novo remand for resentencing of case in which the prosecution failed to meet its statutorily mandated burden to establish prior convictions). But see United States v. Torres, 182 F.3d 1156, 1164 (10th Cir. 1999) (noting that since government failed to meet its burden of proof, "resentencing does not invite an open season for the government to make the record that it failed to make in the first instance."). To the extent Torres conflicts with earlier precedent including United States v. Smith, 930 F.2d 1450, 1456 (10th Cir. 1991), we "follow earlier, settled precedent over a subsequent deviation therefrom." Morrison Knudsen Corp. v. Fireman's Fund Ins. Co., 175 F.3d 1221, 1240 (10th Cir. 1999) (citation omitted). In Torres, the panel was simply exercising discretion and we see no reason to depart from the general rule in this case. The matter of the Pennsylvania charges should be considered de novo.

B. Criminal History and Relevant Conduct

A district court's legal interpretation of the sentencing guidelines is reviewed de novo, while its factual findings are reviewed for clear error. United States v. Cuthbertson, 138 F.3d 1325, 1326 (10th Cir. 1998). "The determination of whether a conviction is groupable with other convictions is a question of law, reviewable de novo, whereas determination of whether prior conduct is relevant conduct is a pure question of fact for the district court to determine." Id.

Mr. Keifer argues that the district court erred in adding two criminal history points for a Virginia conviction for forging a public document. In calculating a defendant's criminal history under the Guidelines, points are added based upon prior sentences. "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. §4A1.2(a)(1) (emphasis added). "Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1B1.3 (Relevant Conduct)." Id., comment. (n.1). Therefore, a conviction will not be treated as a prior sentence (and no criminal history points can be added) so long as the underlying conduct meets the definition of relevant conduct.

Mr. Keifer claims that his Virginia conviction constitutes relevant conduct as defined in §1B1.3(a)(2).

> In order for an offense to be included within the scope of §1B1.3(a)(2), three prerequisites must be met. First, there must be a finding that the offense in question involved conduct described in §§1B1.3(a)(1)(A) and (B). Second, the offense must be the type of offense that, if the defendant had been convicted of both offenses, would require grouping with the offense of conviction for sentencing purposes under U.S.S.G. §3D1.2(d). Third, the offense must have been "part of the same course of conduct or common scheme or plan." U.S.S.G. §1B1.3(a)(2).

United States v. Taylor, 97 F.3d 1360, 1363 (10th Cir. 1996).

The district court was not persuaded. "Because the conviction for fraudulently obtaining a driver's license did not involve the same type of monetary harm as the defendant's other conduct, the court concludes that it is properly considered as part of his criminal history rather than relevant conduct." 1 R. at 3. "To determine whether a prior offense is conduct related to the instant offense, courts generally examine several factors, including the similarity, temporal proximity, and regularity of the instant offense and the prior sentence." Torres, 182 F.3d at 1160. Here, the district court found that the Virginia conviction did not involve monetary harm and was therefore not similar to the Kansas bank fraud. See United States v. Lindsay, 184 F.3d 1138, 1142-43 (10th Cir. 1999) (holding that differences in nature and measure of harm can preclude grouping). Mr. Kiefer did not link the Virginia alias to the offenses involved in this case and therefore we cannot conclude that the district court's finding is

clearly erroneous. Although not specifically noted, this factual finding was sufficient to keep Mr. Keifer from meeting the prerequisites of the §1B1.3(a)(2) test.

Thus, the district court inclusion of the Virginia conviction in the criminal history calculation is AFFIRMED, and the matter is REMANDED to the district court with instructions to resentence Mr. Keifer consistent with this opinion. Mr. Keifer's motion for voluntary dismissal of his appeal is DENIED.