**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ERIC CHRISTOPHER KEIFER, a/k/a
Sheldon Winters,

      Defendant-Appellant.

No. 00-3067
(D.C. No. 97-CR-10100)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **McKAY,** and **BRORBY**, Circuit Judges.

Eric C. Keifer pled guilty to bank fraud and using a false social security

number, receiving an adjusted sentence of 22 months and 27 days in prison. On

appeal, we held that the district court improperly considered unproven conduct

that could not be counted as relevant conduct for purposes of the Sentencing

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Guidelines. *United States v. Keifer*, 198 F.3d 798 (10th Cir. 1999). On remand, the district court recalculated Mr. Keifer's sentence, resulting in a sentence of 14 months and 27 days.

In this appeal, Mr. Keifer challenges the district court's reduction of his sentence for time served in other states. Incredible as it may seem, Mr. Keifer argues that he "does not deserve such gracious treatment, based upon his past criminal history." Rec., vol. I, doc. 52 at 1. He asks us to hold that the district court erred in reducing his sentence and to increase his sentence accordingly so that "he might benefit from the rehabilitative effects of his incarceration." *Id.* Simply put, Mr. Keifer wants to spend more time in federal prison.

Mr. Keifer's counsel filed a brief pursuant to Tenth Circuit Rule 46.4(B)(1) and *Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw as counsel. *Anders* holds that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* at 744. Counsel must also submit a brief "referring to anything in the record that might arguably support the appeal." *Id.* The appellant must be furnished with a copy of counsel's brief and allowed time to raise "any points that he chooses; the court . . . then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* If the court finds the case frivolous, it may grant counsel's

request to withdraw and dismiss the appeal. *Id.*

In his *Anders* brief, counsel has identified two potential issues in Mr. Keifer's case: whether the district court erred in not granting Mr. Keifer's *pro se* motion for reconsideration of his sentence, and in resentencing Mr. Keifer to a lower sentence. "In reviewing a district court's application of the Sentencing Guidelines to the facts, we apply a due deference standard, yet we review *de novo* questions of law." *United States v. Shewmaker*, 936 F.2d 1124, 1126 (10th Cir. 1991).

We have consistently recognized that "a district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). To date, Congress has granted the district courts such jurisdiction in only three places: 18 U.S.C. § 3582(c) and Federal Rules of Criminal Procedure 35 and 36. *See id.* at 947-48. None of these specific grants of jurisdiction is applicable to the instant case.

Title 18 allows district courts to modify "a term of imprisonment once it has been imposed" upon motion of the Director of the Bureau of Prisons, or if the modification is "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582 (c). The second instance involves modification of sentence pursuant to a sentencing range subsequently lowered by

the Sentencing Commission. There is no motion here from the Bureau of Prisons, Mr. Keifer's sentencing range has not been lowered, and he cites no other express statutory provision that governs his case. The district court thus had no authority under section 3582(c) to consider Mr. Keifer's motion for reconsideration.

Rule 35 sets forth only three situations in which a district court may alter a sentence: when it is (a) correcting a sentence on remand; (b) reducing a sentence for substantial assistance to the government, upon motion of the government; or (c) correcting a sentence "imposed as a result of arithmetical, technical or other clear error" within 7 days after the sentence is imposed. Section (a) is inapplicable because Mr. Keifer does not contend the district court incorrectly followed our mandate. Section (b) is inapplicable as there is no motion from the government for substantial assistance. Therefore, Mr. Keifer must rely on (c). Regardless of whether there was an "arithmetical, technical or other clear error" in his sentence -- and we think there was not, for reasons discussed below -- Mr. Keifer filed his motion for reconsideration of his sentence with the district court 14 days after the court resentenced him. Consequently, his motion was untimely.

Rule 36 is inapplicable as well. That rule provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Fed.R.Crim.P. 36. In his motion for

reconsideration, Mr. Keifer contended his sentence was incorrectly calculated because the court should not have credited him with time served. Therefore, his motion went to the merits of his sentence. Rule 36 was created to "give the court authority to correct clerical-type errors, but does not give the court authority to substantively modify a Defendant's sentence." *Blackwell*, 81 F.3d at 948-49 (citations omitted).

The second issue raised by Mr. Keifer's counsel in his *Anders* brief is whether the district court erred in general in its resentencing of Mr. Keifer. This issue was not properly raised in the district court at the time of sentencing. The court gave Mr. Keifer four opportunities, during the resentencing conference, to raise an objection or make a statement regarding his sentence, but he declined to do so. We will not consider an issue on appeal that was not raised below. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

Tempting as it may be to allow a felon to voluntarily remain in prison for a longer sentence, ostensibly to seek further rehabilitation, we find Mr. Keifer's appeal totally without merit. Applying the standards of *Anders*, we hold that the appeal is frivolous. We therefore grant counsel leave to withdraw and **DISMISS** the appeal.

ENTERED FOR THE COURT
Stephanie K. Seymour
Circuit Judge

-5-