**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN RAMON PRIETO-ZUBIA,

Defendant - Appellant.

No. 01-3056
(D.C. No. 00-CR-20055-01-KHV)
(D. Kansas)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Juan Ramon Prieto-Zubia appeals the sentence he received pursuant to his guilty plea to the charge of possession with intent to distribute

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

cocaine. He challenges the district court's decision to increase his offense level by three levels based on its finding that he was a manager or supervisor in the drug transaction in which he participated. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and reverse and remand for resentencing.

Mark Cardwell transported cocaine in an automobile from Texas to Kansas City, where the car was transferred to Mr. Prieto-Zubia. Mr. Prieto-Zubia and an accomplice then drove it to a house in Kansas City where the authorities stopped the car, discovered the cocaine, and arrested the car's occupants. Mr. Prieto-Zubia was charged in a two-count indictment with conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. He entered a guilty plea to the possession count and the conspiracy count was dismissed. The district court sentenced Mr. Prieto-Zubia to 97 months' imprisonment.

The sole question raised by Mr. Prieto-Zubia on appeal is whether the district court erred in applying a three-level enhancement to his offense level pursuant to U.S.S.G. § 3B1.1(b).[1] According to Mr. Prieto-Zubia, the district court erred in finding that he was a manager or supervisor of the criminal activity with which he was involved. We review the district court's determination for

---

[1] Section 3B1.1(b) mandates a three-level increase "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive."

clear error.  See United States v. Cruz Camacho, 137 F.3d 1220, 1223-24 (10th Cir. 1998) (addressing § 3B1.1(a)).

The parties stipulated, as part of the plea agreement, that Mr. Prieto-Zubia "was not an organizer, leader, manager, or supervisor of criminal activity as defined by U.S.S.G. § 3B1.1." ROA, Doc. 67, Plea Agreement at 3.[2]  The presentence report, however, found otherwise.  Summarizing Drug Enforcement Administration (DEA) reports, the presentence report indicated that Mr. Prieto-Zubia was the person contacted when Cardwell arrived in the Kansas City area, and that he instructed Caldwell to check into a certain motel and arranged the exchange of the car containing the cocaine.  ROA, Vol. IV at 5, ¶ 15.  The presentence report further indicated, again based upon DEA reports, that Mr. Prieto-Zubia recruited Cardwell to act as a drug courier, and was one of the sources of the cocaine.  Id. ¶ 16.  Based upon these facts, the presentence report proposed enhancing Mr. Prieto-Zubia's sentence by three levels pursuant to § 3B1.1(b).

Mr. Prieto-Zubia timely objected to the portions of the presentence report discussing the proposed application of § 3B1.1(b).  Although he admitted that the presentence report accurately summarized the information contained in the DEA

---

[2]     Neither party argues that the district court was bound by the parties' stipulation.   See U.S.S.G. § 6B1.4(d) (stating that district court is not bound by stipulation of facts in a plea agreement).

-3-

reports, ROA, Vol. III at 22, he objected to the factual accuracy of the information. Id. ("And I have disputed the points labeled in [paragraphs] 15 and 16 [of the presentence report].").  The government presented no evidence in response to the objection.  Instead, government counsel explained why it was the government's position that Mr. Prieto-Zubia was not a manager or supervisor within the meaning of § 3B1.1(b). Id. at 16-18.  The district court ultimately overruled Mr. Prieto-Zubia's objection and applied the three-level enhancement under § 3B1.1(b) as recommended by the presentence report. Id. at 24 ("And as I said before, I think that the three-level increase is where it should be, and I stand behind the presentence report on this particular point, so your objection is overruled.").

We conclude the district court erred in applying § 3B1.1(b).  When sentencing a criminal defendant, a district court may rely on facts stated in the presentence report unless the defendant objects to them. United States v. Keifer, 198 F.3d 798, 800 (10th Cir. 1999).  If "a defendant objects to a fact in a presentence report, the government must prove that fact at a sentencing hearing by a preponderance of the evidence." Id.  In such circumstances, "'the district court may not satisfy its obligation [to find the facts] by simply adopting the presentence report as its finding.'" Id. (quoting United States v. Farnsworth, 92 F.3d 1001, 1011 (10th Cir. 1996)).  Here, Mr. Prieto-Zubia timely objected to key

-4-

facts in the presentence report pertaining to his alleged role as a manager or supervisor. The government, rather than presenting evidence to the district court in an attempt to prove those facts, essentially agreed with Mr. Prieto-Zubia's position (presumably because it was bound by the stipulation in the plea agreement). Notwithstanding the government's failure to present any evidence, the district court adopted the facts as set forth in the presentence report and applied a three-level enhancement under § 3B1.1(b). Under Keifer, this was improper.

Accordingly, the judgment of the district court is REVERSED, and the matter is REMANDED for resentencing.

Entered for the Court

Mary Beck Briscoe
Circuit Judge