**F I L E D**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CLIFTON L. TIDWELL,

    Defendant-Appellant.

No. 05-7018
(Eastern District of Oklahoma)
(D.C. No. CR-04-42-WH)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is, therefore, ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. Introduction

Appellant Clifton Tidwell pleaded guilty to possession of child pornography. The United States District Court for the Eastern District of Oklahoma sentenced him to twenty-seven months' imprisonment, based in part on a two-level enhancement for possession of material involving a prepubescent minor or a minor under the age of twelve years and a two-level enhancement for possession of at least ten images, but fewer than 150 images. Tidwell objected to the facts contained in the Presentence Investigation Report ("PSR") that were used to support the enhancements. The district court overruled the objection and relied solely on the facts stated in the PSR in applying the enhancement for the age of the children depicted in the images. Tidwell appealed. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Because the district court failed to find the facts necessary to support the enhancement regarding the children's ages by a preponderance of the evidence when those facts were contested by Tidwell, we **reverse** and **remand** for resentencing.

## II. Background

Tidwell was charged in a two-count indictment with transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) (Count One) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Two). In accordance with an oral plea agreement, Tidwell pleaded guilty to Count Two and

the government dismissed Count One. Count Two of the indictment alleged, "[f]rom about April 30, 2003, until about February 19, 2004, Tahlequah, Oklahoma, in the Eastern District of Oklahoma, and elsewhere, Clifton L. Tidwell, defendant herein, did knowingly possess a computer system containing at least 12 computer images of child pornography and at least five video movies of child pornography . . . ." During the plea colloquy in district court, Tidwell provided the following factual basis for his guilty plea: "Before February 2004 in Cherokee County, which is in the Eastern District of Oklahoma, I possessed a computer that contained images of child pornography which I had downloaded from the Internet. I understand by downloading the images from the Internet they affected interstate commerce." The district court inquired whether Tidwell knowingly possessed the computer disk, and Tidwell replied that he did.

Prior to sentencing, the probation officer prepared a PSR applying the 2003 edition of the United States Sentencing Guidelines Manual ("USSG" or "Guidelines"). Pursuant to USSG § 2G2.4(a), Tidwell's base offense level was fifteen. The PSR recommended three, two-level enhancements for: (1) possession of material involving a prepubescent minor or a minor under the age of twelve years pursuant to USSG § 2G2.4(b)(1); (2) possession of material resulting from defendant's use of a computer pursuant to USSG § 2G2.4(b)(3); and (3) possession of at least ten images, but fewer than 150 images pursuant to USSG §

2G2.4(b)(5)(A). The enhancement for the age of the children depicted in the pornographic materials was based on a statement by Tidwell to an FBI agent that, in his opinion, the children pictured were between the ages of six and sixteen. The enhancement for the number of images was based on the twelve images of child pornography found in Tidwell's Yahoo! online folder when his computer was seized by the FBI and the language of the indictment. The PSR also recommended a three-level downward adjustment for acceptance of responsibility, bringing Tidwell's total offense level to eighteen. Tidwell was assigned a criminal history category of I, resulting in a Guidelines range of twenty-seven to thirty-three months' imprisonment.

Tidwell filed written objections to the PSR based on *Blakely v. Washington*, 542 U.S. 296 (2004). Specifically, Tidwell asserted the enhancements based on the age of the children depicted in the pornographic materials and the number of images violated *Blakely* because they were based upon facts not charged in the indictment or admitted by him. At the sentencing hearing, which took place after the Supreme Court issued its opinion in *United States v. Booker*, Tidwell again objected to the enhancements under USSG §§ 2G2.4(b)(1) and (b)(5)(A). 125 S. Ct. 738 (2005). Defense counsel stated:

> [T]he factual basis that [Tidwell] provided [in his guilty plea] . . . did not provide some of the enhancements that were considered in the guideline computation in the presentence report, and we object to those being considered in as much as there's never been a jury

finding or a statement by the defendant admitting those. And I think that is something that was addressed by *Booker* and *Fanfan* . . . that unless there's been a jury finding or an admission by the defendant to certain sentencing factors that they should not be considered in the computation of the guidelines even though the guidelines are ultimately advisory before the Court. I think that it's important for Mr. Tidwell to have the Court make a finding as to exactly what the basis is . . . .

The government offered to provide the district court with copies of the pornographic materials Tidwell possessed so the court could make findings regarding the enhancements. The district court declined, stating "that's why I have a probation officer so I don't have to do that." The district court subsequently overruled Tidwell's objection and found that "the presentence report forms the factual basis for the sentence today." The district court adopted the Guidelines application in the PSR and sentenced Tidwell to twenty-seven months' imprisonment.

## III. Discussion

Tidwell challenges his sentence on the ground that the district court erred in relying on contested facts contained in the PSR to support the sentencing enhancements instead of requiring the government to prove the contested facts by a preponderance of the evidence. Although Tidwell framed his objection to the enhancements as a *Booker* challenge, this case actually involves general sentencing error, not *Booker* error, because the district court applied the Guidelines as advisory only.

-5-

The government bears the burden of proving sentencing enhancements. *United States v. Yarnell*, 129 F.3d 1127, 1136 (10th Cir. 1997). At sentencing, the district court may rely on facts stated in the PSR to support an enhancement unless those facts are objected to by the defendant.[1] *United States v. Keifer*, 198 F.3d 798, 800 (10th Cir. 1999). When a defendant objects to a fact in the PSR, the government must prove that fact at the sentencing hearing by a preponderance of the evidence. *Id.* "[A] district court may not satisfy its obligation [to find contested facts supporting a sentencing enhancement] by simply adopting the presentence report as its finding." *United States v. Farnsworth*, 92 F.3d 1001, 1011 (10th Cir. 1996).

After reviewing the record, including the transcript of the sentencing hearing, we conclude Tidwell's objection contested the facts contained in the PSR and used to support the enhancements. Specifically, Tidwell argued he had not admitted facts regarding the ages of the children depicted in the pornographic materials or the number of images he possessed in his plea colloquy before the district court. Tidwell did, however, admit the facts necessary to support the enhancement for the number of images possessed. Count Two of the indictment,

---

[1]In *United States v. Bass*, we held a defendant's failure to object to a fact in the PSR does not operate as an admission of that fact "for purposes of the rights announced in *Booker*." 411 F.3d 1198, 1204 n.7 (10th Cir. 2005). Because this case does not involve *Booker* error and we conclude Tidwell properly objected to the relevant facts in the PSR, *Bass* is not applicable.

to which Tidwell pleaded guilty, alleged Tidwell "knowingly possess[ed] a computer system containing at least 12 computer images of child pornography." Tidwell's guilty plea is sufficient to support the district court's application of the two-level enhancement for possession of more than ten images, but fewer than 150 images. *See United States v. Hill*, 53 F.3d 1151, 1155 (10th Cir. 1995) (en banc) (holding that a defendant who pleads guilty admits all the well-pleaded facts in the indictment).

The ages of the children depicted in the images, however, was neither alleged in the indictment, nor discussed by Tidwell in the plea colloquy. The facts supporting the enhancement regarding the children's ages came solely from the PSR. Because Tidwell objected to the facts in the PSR supporting this enhancement, the government was required to prove, and the district court was required to find, those facts by a preponderance of the evidence before imposition of the enhancement. *See Keifer*, 198 F.3d at 800. Although the government offered to produce the images possessed by Tidwell to support the enhancement, the district court instead chose to rely solely on the facts as stated in the PSR. In merely adopting the contested facts contained in the PSR to support the enhancements, the district court erred. *See Farnsworth*, 92 F.3d at 1011.

Tidwell argues the government should be prevented from presenting the pornographic materials to support the enhancement on remand because the

government acknowledged it routinely tries to avoid putting such materials into evidence, presumably to protect the victims. When a case is remanded for resentencing, however, the district court must begin anew with *de novo* proceedings. *United States v. Moore*, 83 F.3d 1231, 1234 (10th Cir. 1996). The district court is permitted to receive "any relevant evidence the court could have heard at the first sentencing hearing." *Id*. (quotation omitted). Therefore, the government is entitled to present the pornographic materials possessed by Tidwell at resentencing.

## IV. Conclusion

For the foregoing reasons, we **REVERSE** and **REMAND** for resentencing.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge