**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ALEJANDRO TAPIA-LEON,

      Defendant-Appellant.

No. 05-2275
(District of New Mexico)
(D.C. No. CR-05-446 JP)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is, therefore, ordered submitted without oral argument.

Defendant-Appellant Alejandro Tapia-Leon pleaded guilty in the United States District Court for the District of New Mexico to illegal reentry by a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

deported alien after conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2).  The district court sentenced Tapia-Leon to seventy months' imprisonment, based in part on a sixteen-level enhancement for prior deportation after a conviction for a felony alien smuggling offense.  Tapia-Leon appeals the application of the enhancement in calculating his sentence.  We assert jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and **affirm**.

After Tapia-Leon entered a plea of guilty, the United States Probation Office prepared a Presentence Investigation Report ("PSR") based on the 2004 edition of the United States Sentencing Guidelines ("USSG" or "Guidelines"). Tapia-Leon's base offense level was eight.  The PSR indicated Tapia-Leon was previously deported after being convicted in the United States District Court for the Southern District of Illinois of nine counts of illegal transportation of aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).  Based on these prior convictions, the PSR recommended a sixteen-level enhancement for prior deportation after a conviction for a felony alien smuggling offense.  *See* USSG § 2L1.2(b)(1)(A)(vii). The PSR also recommended a three-level downward adjustment for acceptance of responsibility, bringing Tapia-Leon's adjusted offense level to twenty-one. Tapia-Leon's criminal history category was V, resulting in a Guidelines range of seventy to eighty-seven months.

Tapia-Leon requested that the district court impose a sentence below the range set out in the PSR.  He acknowledged the term "alien smuggling offense,"

as defined in the 2004 edition of the Guidelines, includes convictions for illegal transportation of aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). He noted, however, that this court defined "alien smuggling offense" under a former version of the Guidelines to require "clandestine movement or concealment of aliens." *See United States v. Martinez-Candejas*, 347 F.3d 853, 855–57 (10th Cir. 2003) (discussing 2002 edition of the Guidelines, which required a sixteen-level enhancement for prior deportation after conviction for an alien smuggling offense committed for profit and did not explicitly define the term "alien smuggling offense"). Tapia-Leon argued the facts underlying his Illinois convictions did not include any clandestine movement or concealment. Instead, according to Tapia-Leon, he merely accepted a ride in a vehicle containing other aliens and drove the vehicle when the original driver became tired. Thus, Tapia-Leon argued, his offense was more akin to alien transportation than alien smuggling and was not the type of conduct the enhancement was meant to deter. Tapia-Leon urged the district court to take the circumstances of his prior convictions into consideration when exercising its discretion under *United States v. Booker,* 543 U.S. 220 (2005), and applying the factors in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence.

The district court adopted the recommendations contained in the PSR at sentencing. In particular, it applied the sixteen-level enhancement for prior deportation after a conviction for a felony alien smuggling offense. The district

court also considered the § 3553(a) factors and determined "there are no factors in this case that should take it outside of the guideline range." The district court therefore sentenced Tapia-Leon to a term of seventy months' imprisonment, the bottom of the applicable Guidelines range.

Tapia-Leon's appeal challenges the district court's application of the sixteen-level enhancement for prior deportation after a conviction for a felony alien smuggling offense. Tapia-Leon asserts he contested the factual basis for the enhancement in his objections to the PSR. Specifically, according to Tapia-Leon, he argued his prior Illinois convictions for illegal transportation of aliens were not alien smuggling offenses because they did not involve clandestine movement or concealment. Tapia-Leon notes when a defendant objects to a fact in the PSR, the government is required to prove that fact at the sentencing hearing by a preponderance of the evidence. *See United States v. Keifer*, 198 F.3d 798, 800 (10th Cir. 1999). Because the government did not present any evidence demonstrating his alien smuggling convictions involved clandestine movement or concealment, Tapia-Leon argues the case should be remanded for resentencing.

Tapia-Leon mischaracterizes the nature of the objections he made to the PSR in district court. Tapia-Leon did not contest the factual basis for the sixteen-level enhancement. At sentencing, Tapia-Leon indicated the facts stated in the PSR were not in dispute and there was no need for an evidentiary hearing. Instead, Tapia-Leon asked the district court to exercise its discretion to impose a

sentence below the applicable Guidelines range because his prior convictions for illegal transportation of aliens were less serious than the offenses the enhancement was allegedly designed to deter. Because Tapia-Leon did not object to any facts contained in the PSR, the district court was permitted to rely on those facts to support the enhancement. *See Keifer*, 198 F.3d at 800.

Even if Tapia-Leon's argument below could be construed as an objection to the factual basis for the sixteen-level enhancement, the government was not required to prove, and the district court was not required to find by a preponderance of the evidence, that Tapia-Leon's illegal transportation of aliens convictions involved clandestine movement or concealment. Tapia-Leon pleaded guilty to illegal reentry by a deported alien after conviction of an aggravated felony. A defendant convicted of illegal reentry is subject to a sixteen-level enhancement under USSG § 2L1.2(b)(1)(A)(vii) if he was previously deported, or unlawfully remained in the United States, after a conviction for a felony alien smuggling offense. The commentary to § 2L1.2 states that the term "'alien smuggling offense' has the meaning given that term in section 101(a)(43)(N) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)(N))." USSG § 2L1.2 app. n.1(B)(I). Section 101(a)(43)(N) of the Immigration and Nationality Act in turn applies to

> an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien

committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter.

8 U.S.C. § 1101(a)(43)(N). The sixteen-level enhancement therefore is applicable to any defendant previously deported after a conviction under 8 U.S.C. § 1324(a)(1)(A) or (2), unless that conviction was the defendant's first alien smuggling offense and involved only the defendant's immediate family members.

Tapia-Leon was previously deported after conviction in Illinois on nine counts of illegal transportation of aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Although Tapia-Leon asserts he objected to the factual basis underlying these convictions, his objection related only to whether his conduct involved clandestine movement or concealment. He did not claim, nor does he claim on appeal, that the conduct underlying his convictions was for the purpose of assisting only his immediate family members. Tapia-Leon's convictions for illegal transportation of aliens therefore qualify as alien smuggling offenses under USSG § 2L1.2(b)(1)(A)(vii), and the district court did not err in applying the sixteen-level enhancement.

For the foregoing reasons, Tapia-Leon's sentence is **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge