**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 16 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ROBERT EARL CUTHBERTSON,

      Defendant - Appellant.

No. 97-5138

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 96-CR-173-001-BU)**

**Submitted on the briefs**:[*]

Stephen C. Lewis and Ann Dooley, Office of the U.S. Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

Stanley Monroe, Tulsa, Oklahoma, for Defendant-Appellant.

Before **BALDOCK, EBEL** and **MURPHY**, Circuit Judges.

**EBEL**, Circuit Judge.

---

      * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause therefore is ordered submitted without oral argument.

In May of 1994, Appellant Robert Earl Cuthbertson ("Cuthbertson") drove from Florida to Oklahoma to pick up his sister's three children for the purpose of transporting them back to Florida to stay with him for the summer. Among the three children was Cuthbertson's 11-year-old niece, E.H., whom Cuthbertson had subjected to sexual molestation two years prior. After molesting E.H. in a Tulsa, Oklahoma motel room, Cuthbertson transported E.H. and her siblings to his home in Florida, where he continued to molest E.H. through the course of the summer. The following year, in May of 1995, Cuthbertson again traveled to Oklahoma, again molested E.H. in a Tulsa motel room, and again transported E.H. to his home in Florida where he proceeded to regularly molest her over the course of the summer. Upon returning home to Oklahoma, in fear that Cuthbertson was planning to turn his sexual attentions to her younger sister the following year, E.H. informed her parents of the abuse.

Cuthbertson was arrested in Florida, and brought before the Santa Rosa County Court. Based on his 1995 molestation of E.H., he pled no contest to the charge of Sexual Battery while in a Position of Custodial Authority, in violation of Fla. Stat. Ch. 794.011. He was sentenced to 80 months imprisonment. Cuthbertson was then indicted in the United States District Court for the Northern District of Oklahoma with five federal criminal counts, all based upon his conduct in traveling from Florida to Oklahoma with the intent and purpose of molesting

E.H. in 1994 and 1995.  Cuthbertson, as per his plea agreement with the Government, pled guilty to Count Three, traveling in interstate commerce, in 1994, for the purpose of engaging in illegal sexual acts with a juvenile, in violation of 18 U.S.C. § 2423(b) (West Supp. 1997).  All other counts were dropped.

The Presentence Report ("PSR") prepared by the Probation Office recommended, inter alia, that Cuthbertson be given three criminal history points for his Florida sentence, as per U.S.S.G. § 4A1.1(a),  thus placing him in criminal history category II.   Cuthbertson filed an objection to the recommendation.  At sentencing, the district court considered Cuthbertson's objection and decided to adopt the PSR's findings.  The court calculated Cuthbertson's offense level to be 30; combined with a criminal history category of II, Cuthbertson was subject to a sentencing range of 108-135 months.  The district court sentenced Cuthbertson to 120 months imprisonment, the maximum permitted under 18 U.S.C. § 2423.  As per Cuthbertson's plea agreement, the sentence was imposed to run consecutively to his Florida sentence.

Cuthbertson's sole issue on appeal concerns the district court's decision to assign him to criminal history category II based on his Florida sentence for the 1995 molestation of E.H.  Cuthbertson argues that the court erred in considering his 1995 sentence to be a "prior sentence" and not "relevant conduct."  Because

the district court did not err in determining that Cuthbertson's Florida sentence fits the Guideline definition of "prior sentence," his challenge of the court's determination of his prior criminal history fails.

This court reviews a district court's legal interpretation of the guidelines de novo, and we review its underlying findings of fact for clear error. See United States v. Pappert, 112 F.3d 1073, 1078 (10th Cir. 1997). The determination of whether a conviction is groupable with other convictions is a question of law, reviewable de novo, whereas determination of whether prior conduct is relevant conduct is a pure question of fact for the district court to determine. See United States v. Moore, 130 F.3d 1414, 1417 (10th Cir. 1997).

We begin our inquiry by looking at U.S.S.G. § 4A1.1(a) (1995), which directs the sentencing court to "[a]dd three points for each prior sentence of imprisonment exceeding one year and one month." It is uncontested that the length of imprisonment element of this Guideline is satisfied by Cuthbertson's Florida sentence. As for the definition of the term "prior sentence," the commentary following § 4A1.1(a) directs us to § 4A1.2(a). That section defines "prior sentence" as "any sentence *previously imposed* upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendre, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1) (emphasis added). It is well established that "sentences imposed after commission of an offense for which a criminal

history score is being calculated constitute 'prior sentences' for purposes of that calculation." <u>United States v. Walling</u>, 936 F.2d 469, 471 (10th Cir. 1991) (citing <u>United States v. Smith</u>, 900 F.2d 1442, 1445 (10th Cir. 1990)). Thus, under § 4A1.2 "the chronology of sentencing rather than the commission of the crimes" controls the analysis. <u>Id.</u> Because Cuthbertson's Florida sentence was imposed prior to the sentence in his federal conviction, it qualifies as a "prior sentence" unless it can be shown that the 1995 conduct which served as the basis for his Florida conviction was conduct that was "part of" the 1994 conduct for which he was convicted in federal court.

"Conduct that is part of the instant offense" for purposes of § 4A1.2(a) is defined in § 1B1.3 "Relevant Conduct." <u>See</u> U.S.S.G. § 4A1.2(a) cmt. 1. Under § 1B1.3(a)(1), relevant conduct is conduct "that occurred during the commission of the offense of conviction . . . ." Cuthbertson urges this court to analyze this question using the "same course of conduct or common scheme or plan" approach set out in U.S.S.G. § 1B1.3(a)(2). Much case law has been created on the "same course of conduct or common scheme or plan" language of § 1B1.3(a)(2). However, § 1B1.3(a)(2) only applies to offenses that are specifically groupable under U.S.S.G. § 3D1.2(d). Because Cuthbertson's federal offense falls under U.S.S.G. § 2A3.1, and because § 2A3.1 is specifically excluded from § 3D1.2(d), in this case § 1B1.3(a)(2) does not apply. Instead, we must limit our analysis to

the terms of § 1B1.3(a)(1), namely, whether the conduct underlying Cuthbertson's Florida conviction "occurred during the commission of the offense of" his federal conviction.

The commentary to § 1B1.3 advises us that "[s]ubsections (a)(1) and (a)(2) adopt different rules because offenses of the character dealt with in subsection (a)(2) (i.e. to which § 3D1.2(d) applies) often involve a pattern of misconduct that cannot be readily broken into discrete identifiable units that are meaningful for purposes of sentencing."  U.S.S.G. § 1B1.3, backg'd.  The commentary indicates that § 1B1.3(a)(2) is intended to prevent "double counting" in cases in which quantities are key to sentencing, such as embezzlement and drug offenses.  See id.  Also key to our analysis is the commentary following § 3D1.2:

> [C]ounts that were part of a single course of conduct with a single criminal objective and represent essentially one composite harm to the same victim are to be grouped together, even if they constitute legally distinct offenses occurring at different times.  This provision does not authorize grouping of offenses that *cannot* be considered to represent essentially one composite harm (e.g. robbery of the same victim on different occasions involves multiple, separate instances of fear and risk of harm, not one composite harm).

U.S.S.G. § 3D1.2 cmt. 4 (emphasis added).  See also U.S.S.G. § 1B1.3, backg'd ("[W]hen § 3D1.2(d) does not apply . . . convictions on multiple counts are considered separately . . . .")

This case is not a case involving quantities of drugs or money. Instead, this case involves two distinct offenses, namely a 1994 federal offense of transporting a juvenile in interstate commerce with intent to engage in criminal sexual activity and a 1995 state offense of sexual battery while in a position of custodial authority.[1] Granted, both of these offenses involved similar conduct against the same victim. But because these two acts occurred on different occasions, separated by a temporal gap of almost a year, and involved "multiple, separate instances of fear and harm" they cannot be considered to be "part of" one another.[2] Cf. United States v. Cedano-Rojas, 999 F.2d 1175, 1180 (7th Cir. 1993)

_____

[1] Although not determinative of this question, it is of interest to note that not only are the elements of the two crimes different, but the criminality of the act(s) giving rise to a violation of 18 U.S.C. § 2422(b) is defined by federal, not state, law.

[2] While a temporal gap of almost one year between two acts does not definitively prevent two acts from being relevant conduct, the longer the temporal gap, the less likely the two acts are to qualify as relevant conduct. See United States v. Hill, 79 F.3d 1477, 1483-84 (6th Cir. 1996)(collecting cases). Cuthbertson argues that the temporal gap in his case should not count because he was forced by circumstances, and not by choice, to limit his molestation of E.H. to the summer months. We acknowledge that some courts have held that a temporal gap is inapplicable to the relevant conduct analysis when circumstances beyond the defendant's control force a break in the pattern of behavior at issue. See, e.g. Cedano-Rojas, 999 F.2d at 1180 ("A respite is unlikely to be fatal in the finding of a course of conduct if the interruption was not the choice of the players. In such circumstances, the lapse does not indicate that the course was abandoned but only that, in spite of the efforts of the participants, the venture was inadvertently put on hold.") Simply because Cuthbertson chose to molest E.H. during the summer months does not mean that, up until the time E.H. reported the molestation, he was prevented from doing the

(continued...)

("[T]emporal proximity [although not dispositive] is a significant consideration in finding a course of conduct . . . .").

The district court heard arguments on this issue, then adopted the findings of the PSR in ruling that Florida conviction did not qualify as part of the offense "as defined or set forth in the guidelines." Cuthbertson argues that because the PSR treats his Florida conduct as part and parcel of the same conduct for which he was convicted in federal court, and because he was initially indicted in federal court for his 1995 misconduct as well as his 1994 activity, it was error for the district court to fail to treat his 1995 Florida conviction as part of his 1994 federal offense. We reject both of these arguments. First, Cuthbertson offers no authority for his proposition that acts that may have been included together in an indictment must be treated as relevant conduct for sentencing purposes. It is a matter of common sense that a single indictment may contain any number of charges of unrelated offenses. Second, while it is true that the presentence report

_____

[2](...continued)
same at any other time of the year. Of course, if he had arrived in Oklahoma during the school year and had asked to take E.H. to Florida with him, this behavior would have run him the risk of raising some suspicion on the part of E.H.'s parents.

We simply refuse to see E.H.'s school schedule as a force majeure acting to interrupt Cuthbertson's ongoing offense, in spite of his efforts. Cuthbertson was never "forced to put the venture 'on hold.'" Hill, 79 F.3d at 1483. Instead, Cuthbertson used E.H.'s school schedule to gain access to E.H., without arousing suspicion, on repeated yet entirely separate occasions.

lists Cuthbertson's Florida conviction as a "related case," we note that under the section entitled "The Offense Conduct" the presentence report discusses only Cuthbertson's traveling from Oklahoma to Florida in 1994 for the purpose of taking E.H. back to Florida and sexually molesting her. Later, in a section entitled "Offense Conduct Not Part of Relevant Conduct" the PSR describes Cuthbertson's separate acts of molestation of E.H. in 1992 and 1995. The PSR then lists Cuthbertson's Florida conviction as a separate adult criminal conviction.

As presented in the PSR, the harm underlying Cuthbertson's Florida sentence was sufficiently separate from that underlying his federal conviction to allow the two to be "readily broken into discrete identifiable units that are meaningful for purposes of sentencing." U.S.S.G. § 1B1.3, backg'd. The district court did not abuse its discretion in adopting the PSR's findings and holding that Cuthbertson's Florida conviction was not part of his federal conviction, thus

qualifying it as a prior sentence.[3]  For this reason, the district court's sentence is

AFFIRMED.

_____

[3]  As the Government points out, were Cuthbertson to prevail, he would be subject to a guideline range of 97 to 121 months, as opposed to a range of 108 to 135 months.  We also note that at sentencing the judge indicated that he was restrained by the statute from sentencing Cuthbertson to a sentence longer than 120 months.  The Government argues that even under Cuthbertson's desired guideline, it is clear that the court would have given him the same sentence, thus any error the court may have committed in calculating Cuthbertson's guideline range was harmless error.  See United States v. Simpkins, 953 F.2d 443, 446 (8th Cir. 1992).  Because we find that the court applied the correct guideline, we need not reach this question.