**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

BRIAN COLE WILLIAMS,

      Defendant–Appellant.

No. 11-5055
(D.C. No. 4:07-CR-00153-TCK-2)
(N.D. Okla.)

**ORDER AND JUDGMENT**\*

Before **LUCERO**, **GORSUCH**, and **EBEL**, Circuit Judges.

Brian Cole Williams appeals from a 97-month sentence imposed following his

guilty plea for possession of 50 grams or more of methamphetamine with intent to

distribute. His counsel moves for leave to withdraw in a brief filed pursuant to Anders v.

California, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291 and 18

---

    \* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

U.S.C. § 3742(a), we dismiss the appeal and grant counsel's motion to withdraw.

# I

Williams was charged with distributing methamphetamine, possessing with intent to distribute methamphetamine, and carrying firearms during a drug trafficking crime. Pursuant to a written plea agreement, Williams pled guilty to the possession count in exchange for dismissal of the remaining charges. The plea agreement and an accompanying petition to enter plea of guilty indicate that Williams knowingly and voluntarily waived his right to proceed to trial, and was properly advised of the consequences of his plea. Williams waived "the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); however, the defendant reserve[d] the right to appeal contested sentencing issues."

A Pre-Sentence Investigation Report ("PSR") initially recommended a base offense level of 32, based on a total of 52.3 grams of actual methamphetamine. The total methamphetamine mixture seized from Williams was 123 grams, and a government lab report concluded that the methamphetamine was 42.6 percent pure with a margin of error of 2.7 percent. Because the margin of error included actual methamphetamine totals both above and below 50 grams, Williams successfully argued that a base offense level of 30 should apply. At the sentencing hearing, Williams also objected to the assessment of a criminal history point for a conviction that occurred after the offense of conviction but before sentencing. The district court rejected that argument, settling on a total offense level of 29 and a criminal history category of II. It sentenced Williams to a term of 97

months' imprisonment, at the low end of his advisory Guidelines range.

**II**

When an attorney conscientiously examines a case and determines that an appeal would be frivolous, counsel may so advise the court and request permission to withdraw. Anders, 386 U.S. at 744. Counsel must submit a brief highlighting any potentially appealable issues. The defendant may then submit a pro se brief. If, upon carefully examining the record, the court determines that the appeal is in fact frivolous, it may grant the request to withdraw and dismiss the appeal. Id. In the case at bar, the court notified Williams of counsel's Anders brief and of his opportunity to file a pro se brief, but Williams has not filed a pro se brief.

Counsel's Anders brief raises two potentially appealable issues. First is the substantive reasonableness of the sentence. We review whether a sentence is substantively reasonable under an abuse of discretion standard. See United States v. Montgomery, 550 F.3d 1229, 1233 (10th Cir. 2008). "If the district court correctly calculates the Guidelines range based upon the facts and imposes [a] sentence within that range, the sentence is entitled to a presumption of reasonableness." United States v. Sutton, 520 F.3d 1259, 1262 (10th Cir. 2008). Nothing in the record suggests that the district court abused its discretion in imposing a sentence at the low end of Williams' Guidelines range.

Second, counsel notes an unsuccessful objection made below regarding the calculation of Williams' criminal history category. Specifically, Williams objected to the

assessment of a criminal history point for a conviction that occurred after the offense of conviction but before sentencing. Tenth Circuit precedent clearly holds that such convictions may properly be used in determining a defendant's criminal history category. See United States v. Cuthbertson, 138 F.3d 1325, 1327 (10th Cir. 1998); see also U.S.S.G. § 4A1.2 app. n.1 ("A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense.").

**III**

Because we are not presented with any meritorious grounds for appeal, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge