**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALBERT LAWRENCE VAUGHAN,

    Defendant-Appellant.

Nos. 12-1179, 12-1181 & 12-1182

(D.C. Nos. 1:05-CR-00368-MSK-1 and
1:11-CR-00280-MSK-1 and
1:11-CR-00310-MSK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK,** Circuit Judges, and **JOHNSON,** District Judge.[**]

In November 2011, Defendant-Appellant Albert Vaughan ("Vaughan") pled guilty

to two charges of armed bank robbery and one charge of bank robbery arising from

criminal conduct in Colorado, Arizona, and Utah. Vaughan received a one hundred

month sentence on each charge with the sentences to run concurrent to each other.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] Honorable William P. Johnson, United States District Judge, District of New Mexico, sitting by designation.

Vaughan had previously been convicted on charges of bank robbery in Nevada and armed bank robbery in Kansas. On appeal, Vaughan contends that the district court should not have considered the sentences for his Nevada and Kansas robberies as "prior sentences" for the purposes of calculating his criminal history category under the United States Sentencing Guidelines. Vaughan also contends that the sentence imposed is unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we **affirm.**

I

*Factual background*

Between September 30, 2004, and May 2, 2005, Vaughan robbed nine banks in Nevada, Kansas, Arizona, Utah, and Colorado. He was subsequently charged with five counts of bank robbery in the District of Nevada, to which he pled guilty. Vaughan was sentenced to seventy-eight months imprisonment as to each count, to be served concurrently.[1] Vaughan was then indicted in the District of Kansas and charged with one count of armed bank robbery and one count of discharging a firearm during a crime of violence. Vaughan proceeded to trial in this case and was convicted.[2] He was sentenced to seventy-eight months as to the armed robbery count, and 120 months as to the firearm count. The firearm sentence was to be served consecutively to the bank robbery count as well as to his Nevada sentence, as required by 18 U.S.C.A. § 924(c)(1)(D). Vaughn is still serving time on this sentence.

---

[1] Vaughan completed this 78 month sentence before being sentenced in the case that is the subject of this appeal.

[2] Vaughan appealed these convictions and this Court affirmed. *United States v. Vaughan*, 450 Fed. App'x. 757 (10th Cir. 2011).

Following these convictions, Vaughan was charged with one count of armed bank robbery in the District of Arizona, one count of bank robbery in the District of Utah, and three counts of armed bank robbery in the District of Colorado. The Arizona and Utah cases were transferred to the District of Colorado, and all three cases were consolidated for plea and sentencing purposes. Vaughan pled guilty to the Arizona and Utah charges, and pled guilty to one of the three Colorado counts of armed bank robbery while the remaining Colorado charges were dismissed. The judgment and sentence imposed in the consolidated case in the District of Colorado pertaining to the Arizona, Utah and Colorado robberies is the subject of this appeal.

*Procedural background*

A Presentence Investigation Report ("PSR") was completed before sentencing in the instant case. Vaughan's base offense level for the robberies committed in Utah, Arizona and Colorado was calculated at level 20 under U.S.S.G. § 2B3.1(a). The offense level was increased by 2 levels under U.S.S.G. § 2B3.1(b)(1), because the property of a financial institution was taken, and then by 3 levels under U.S.S.G. § 2B3.1(b)(2)(E), because a dangerous weapon was brandished during the commission of the offense. Vaughan's adjusted offense level moved up from 20 to 25. Because multiple robberies were committed in Arizona, Utah and Colorado, Vaughan also received a multiple-count upward adjustment of three levels pursuant to U.S.S.G. § 3D1.4 so the offense level went up to 28. The final adjustment to Vaughan's offense level was a 3 level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). Thus, the PSR reported a total offense level for Vaughan of 25.

As for Vaughan's criminal history category, the PSR placed him in category V as a result of having 10 criminal history points based on prior criminal history. Vaughan was assessed four criminal history points for two previous driving-while-impaired convictions, and six criminal history points for prior bank robbery convictions resulting in sentences in excess of one year and one month. Specifically, he was assessed three criminal history points under U.S.S.G. § 4A.1(a) for the Nevada bank robbery conviction, as well as three criminal history points under U.S.S.G. § 4A.1(a) for the Kansas bank robbery conviction. With a total offense level of 25 and a criminal history category of V, the PSR determined Vaughan's advisory sentencing guidelines range to be 100 to 125 months incarceration.

As relevant to this appeal, Vaughan objected to the PSR on two grounds. First, he objected to being placed in criminal history category V on the ground that if all his bank robbery cases had been consolidated at the time of his arrest,[3] he would have had only four criminal history points for the two driving-while-impaired convictions, placing him in criminal history category II.[4] Second, he argued that the sentences imposed for the

---

[3] Efforts were made to consolidate Vaughan's bank robbery cases. However, because Vaughan denied (and continues to deny) that he had committed the Kansas bank robbery, consolidation efforts were to no avail.

[4] According to the probation officer who calculated Vaughn's Guidelines sentence, if all of Vaughn's bank robbery cases had been consolidated at the time of his arrest in 2007, under the 2006 Edition of the U.S. Guidelines Manual in effect at that time, Vaughan's guideline offense level would have been 35, his criminal history category would have been IV thereby resulting in an advisory guidelines imprisonment range of 235 to 293 months. (Vol. II, doc. 57, at 107-09). The increase in the base offense level to 35 under this scenario occurs because there would be additional counts resulting in a multi-offense adjustment, and a 7-level increase pursuant to § 2B.31(b)(2)(a) because a firearm was discharged in the Kansas case. (*Id.* at 107.) However, during the sentencing hearing relevant to this appeal, the district court found that the parties

Nevada and Kansas bank robberies were sufficient to meet the requirements of 18 U.S.C. 3553(a). He elaborated on these arguments in motions for a downward variance and for a downward departure.

The district court denied the motion for a downward departure, on the grounds that any overrepresentation of Vaughan's criminal history resulted from the piecemeal nature of the prosecution, rather than from any mitigating or aggravating circumstances not addressed by the Guidelines. The court imposed a within-Guidelines sentence of 100 months for each charge, to run concurrently. However, the court granted Vaughan's request for a downward variance, to the extent that it set the 100-month sentence to run concurrently with the 78-month sentence imposed for the Kansas bank robbery charge. The court also noted that it could not set the 100-month sentence in the instant case to run concurrently with the 120-month sentence imposed for the discharge of a firearm charge, because that sentence was mandated by statute to run consecutively. Consequently, Vaughan's total sentence was increased by twenty-two months.

II

*Analysis*

**The Trial Court Did Not Err in Adding Points for Vaughan's Prior Sentences of Imprisonment**

First, Vaughan contends that the district court improperly calculated the advisory Guidelines sentencing range by including the Nevada and Kansas bank robbery sentences

---

agreed that if the cases had been consolidated, Vaughan would have been placed in criminal history category III. (Vol. 7, *Sentencing Hearing Transcript*, at 45.)

in his criminal history category computation, because those sentences arose from the same "relevant conduct" as the Arizona, Utah, and Colorado charges for which he was being sentenced. Because Vaughan did not raise below the arguments he makes here, we review for plain error.[5] *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007) ("Because [appellant] did not object to the procedure by which his sentence was determined and explained, we may reverse the district court's judgment only in the presence of plain error."). Plain error occurs when there is (i) error, (ii) that is plain, (iii) which affects the defendant's substantial rights, and (iv) which seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Lopez-Flores*, 444 F.3d 1218, 1222 (10th Cir. 2006). We perceive no error.

When calculating a defendant's criminal history under the Guidelines, a district court must add three points to a criminal history computation for each "prior sentence" of imprisonment exceeding one year and one month. U.S.S.G. § 4A1.1(a). The Guidelines define a "prior sentence" as "any sentence previously imposed . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Conduct that is "part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1B1.3." U.S.S.G. § 4A1.2 app. n. 1.

---

[5] In his opening brief, Vaughan argues that we review the district court's factual findings for clear error, and its legal conclusions de novo. In his reply brief, he abandons this argument and claims that under *United States v. Cuthbertson*, 138 F.3d 1325, 1326 (10th Cir. 1998), this court should review for an abuse of discretion. However, in *Cuthbertson*, the defendant grounded his appeal on issues raised at trial. *Id.* Here, at the sentencing hearing, Vaughan's counsel expressly stated that he had no objections to the calculation of the Guidelines sentence. (Vol. 7, *Sentencing Hearing Transcript*, at 5.)

The government asserts that by arguing that the Nevada and Kansas bank robberies were "relevant conduct" because they occurred during the "same course of conduct," Vaughan's opening brief relies exclusively on U.S.S.G. § 1B1.3(a)(2). Under this provision, two offenses qualify as part of the "same course of conduct" if "they are sufficiently connected or related to each other to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *See* U.S.S.G. §1B1.3 app. n. 9. However, the Guidelines also expressly preclude certain offenses from being "groupable," or qualifying as the "same course of conduct" under §1B1.3(a)(2). Bank robbery is one such offense. *See* §3D1.2(d) (expressly excluding robbery from grouping); §3D1.2 app. n. 6 (when a defendant "is convicted of three counts of bank robbery[, t]he counts are *not* to be grouped together . . ." (emphasis in original)). Therefore, Vaughan's multiple bank robberies cannot be grouped together as a "course of conduct" under §1B1.3(a)(2), and he concedes as much.

Vaughan argues that this Court must nonetheless analyze his series of bank robberies under §1B1.3(a)(1), which requires the district court to determine the base offense level based on "all acts and omission committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *See United States v. Cuthbertson*, 138 F.3d 1325, 1327 (10th Cir. 1998) ("Because [the appellant]'s federal offense [is not groupable], in this case § 1B1.3(a)(2)

does not apply. Instead, we must limit our analysis to the terms of § 1B1.3(a)(1).”). We agree, but conclude that no error occurred under § 1B1.3(a)(1).

As we stated in *United States v. Flores*, “If the conduct at issue is not groupable under § 3D1.2(d), then it qualifies as ‘relevant conduct’ only if it ‘occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.’” 149 F.3d 1272, 1281 (10th Cir. 1998) (quoting U.S.S.G. § 1B1.3(a)(1)); *see also United States v. Maass*, 153 F.3d 729 (10th Cir. 1998) (unpublished) (same). This definition of “relevant conduct” is narrower than the “same course of conduct” addressed in § 1B1.3(a)(2) and defined in U.S.S.G. §1.B1.3 app. n. 9(B). It does not encompass Vaughan’s Nevada and Kansas bank robberies, which did not occur during the commission of the Arizona, Utah, and Colorado bank robberies, in preparation for the latter robberies, or in the course of attempting to avoid detection or responsibility for them. Vaughan’s analysis of the similarity, regularity, and temporal proximity of the Nevada and Kansas bank robberies to the instant bank robberies is relevant only to groupable offenses and does not demonstrate that the Nevada and Kansas bank robberies constitute relevant conduct under § 1B1.3(a)(1). Accordingly, we conclude that the district court did not err in including those sentences in Vaughan’s criminal history calculation.

**The Sentence Imposed for Bank Robbery and Armed Bank Robbery Is Procedurally and Substantively Reasonable**

Vaughan also contends that the sentence imposed by the district court was not reasonable because his criminal history was overrepresented and the district court did not

properly consider the factors identified in 18 U.S.C. §3553(a).  We review for an abuse of discretion, affording substantial deference to the district court in determining "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. §3553(a)," and reverse only when the district court "renders a judgment that is arbitrary, capricious, whimsical or manifestly unreasonable." *United States v. Martinez*, 610 F.3d 1216, 1226 (10th Cir. 2010).

Vaughan begins by arguing that the sentence imposed was procedurally unreasonable because the district court improperly calculated his criminal history category when it included his sentences for the Nevada and Kansas bank robberies as prior sentences.  This erroneous calculation, he asserts, overrepresented his criminal history.  While Vaughan is correct that failure to properly calculate a Guidelines sentencing range renders a sentence procedurally unreasonable, *Gall v. United States*, 552 U.S 38, 51 (2007), because we have already concluded that the district court did not err in determining that the PSR correctly placed Vaughan in criminal history category V, this argument fails.

Vaughan next asserts that his sentence was substantively unreasonable because the Guidelines calculation resulted in a sentence greater than necessary to achieve the proper purpose of 18 U.S.C. § 3553(a).  In particular, Vaughan alleges that (1) before he "inexplicably" began robbing banks at the age of 35 years, he was generally a law-abiding citizen and the owner of a successful computer business; (2) after serving his remaining Kansas sentence, he will be approaching 60 years of age before he is released from prison, and would pose no further risk of criminal behavior; (3) the length of the

sentence results only from the piecemeal fashion in which his offenses were prosecuted, leading to a more severe punishment than would have resulted if the cases had been consolidated at the outset; and (4) the additional sentence is excessive and unnecessary to promote respect for the law or provide for a just punishment.

Vaughan received a sentence that fell within the properly calculated Guidelines range, which is afforded a rebuttable presumption of reasonableness on appeal. *United States v. Mumma*, 509 F.3d 1239, 1243 (10th Cir. 2007). To the extent that the district court's decision that the sentence should run concurrently with the 78-month sentence imposed for the Kansas bank robbery charge constitutes a downward variance, we " 'consider the extent of the deviation' but give 'due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

We conclude that Vaughan has failed to rebut the presumption of reasonableness, and that any deviation from the Guideless sentence is minimal and justified by the § 3553(a) factors. The record shows that the district court considered the relevant sentencing factors and made particularized findings. Considering Vaughan's argument that he had primarily been a law-abiding citizen before he began robbing banks, the district judge noted that "good people can make bad decisions and they're still held accountable for their conduct." (Vol. VII, *Sentencing Hearing Transcript*, at 46.) The district court declined to consider Vaughan's age, explaining that because he was "asking me to look back retrospectively to all of these particular convictions and bank robberies

. . . the fact that he's now spent some time in prison and he's older doesn't bear particularly on my determination." (*Id.*)

The district court also noted that both parties bore some responsibility for the piecemeal nature of the prosecution, but that "to fashion a sentence based on the missteps of the defendant or the Government at this juncture doesn't make a lot of sense to me." (*Id.* at 48.) Instead, the court explained that taking into account the sentences already imposed was necessary to meet the sentencing objectives of promoting respect for the law and providing for just punishment. The district court granted Vaughan's request for a downward variance by allowing the 100-month sentences for each of the three counts at issue to run concurrently with that portion of the Kansas sentence attributable to a like offense, or the 78 months imposed for bank robbery. The district court also concluded that the 100-month sentences could not run concurrently with the 120-month portion of the Kansas sentence attributable to the discharge of a firearm during a crime of violence, because that 120-month sentence was required by statute to run consecutive to the time imposed for the crime of bank robbery. The end result of the sentence imposed by the district court was that Vaughan would serve an additional twenty-two months incarceration consecutive or added on to the prison time Vaughan was already serving for the Kansas bank robbery. Vaughan has failed to demonstrate how this sentence constitutes an abuse of discretion. In fact, Vaughan's counsel admitted as much at sentencing, when he stated, "If I'm understanding it correctly, the net result . . . would be an additional 22-month sentence to the time that he's currently serving. If I'm correct, frankly I'm going to be hard pressed to argue that that's not reasonable. We pled to three

counts of armed bank robbery and we're talking about an additional 22 months." (Vol. VII, *Sentencing Hearing Transcript*, at 29-30). Likewise, we are hard pressed to find any abuse of discretion by the district court in the sentence imposed.

Accordingly, for the reasons explained here, the district court is **affirmed** on all claims.


ENTERED FOR THE COURT


William P. Johnson
District Judge